UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS STROUD, *et al.*, | : | |
|    *Petitioners*, | : | Case No. 3:24-cv-1331 (SVN) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI DANBURY, | : | |
|    *Respondent*. | : | January 17, 2025 |

**ORDER DISMISSING PETITION AND DENYING PENDING MOTIONS AS MOOT**

Petitioners Marcus Stroud, Nicholas Rockwell, Dylan Koerner, Cory Terry, Karl Greenwood, John Asmodeo, and Xiao Chen[1] are all sentenced inmates confined in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). They filed this action for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging their conditions of confinement at FCI Danbury between July 18, 2024, and July 29, 2024, related primarily to heat-related issues. Pet., ECF No. 1 ¶ 9.

In response to the Court's Order to Show Cause, Respondent argues that the petition should be dismissed because Petitioners failed to exhaust their administrative remedies before commencing this action and the claims do not raise colorable violations of the Eighth Amendment. For the following reasons, the petition is dismissed for failure to exhaust administrative remedies.

**I.  FACTUAL BACKGROUND**

Petitioners allege the following facts in their petition and motion for preliminary injunctive

---

[1] Petitioners have moved to dismiss Petitioner Chen from this suit, representing that he has been released from federal custody. *See* Mot. Dis., ECF No. 22. The Court ordered Petitioner Chen to file a written notice confirming his current mailing address by January 13, 2025. To date, no response has been received. In light of the Court's decision to dismiss the petition for failure to exhaust administrative remedies, the Court finds the motion to dismiss Petitioner Chen moot. The Court also denies as moot Petitioners' motion for a temporary restraining order, motion to appoint counsel, and motion to certify a class, ECF Nos. 3, 4, and 5, for the same reasons.

relief. FCI Danbury is an older facility with buildings constructed of brick; there is no air conditioning and air ventilation is poor. *Id.* at 3–4. Temperatures in Danbury, Connecticut, exceeded 90º Fahrenheit for about twelve consecutive days in July 2024. *Id.* at 3. Every housing unit is equipped with exhaust fans, but most of the fans are not operational. Pet'rs' Prelim. Inj. Br., ECF No. 3-1 at 3.

Petitioners allege that temperatures in the housing units "routinely exceed 90 degrees." ECF No. 1 at 4. The heat has caused Petitioners to suffer from or be at risk of suffering heat-related illnesses including, heat stroke, heat exhaustion, heat rash, nausea, and vomiting. ECF No. 3-1 at 2; ECF No. 1 at 4. As there are only four showers for up to eighty inmates, showering is difficult when temperatures are high. ECF No. 1 at 4. Inmates sweat through their clothes and bedding, but only have laundry services once a week. *Id.* Inmates are permitted only four sets of clothing. ECF No. 3-1 at 3.

The facility formerly implemented "summer attire," which excused inmates from wearing multiple layers. *Id.* at 4. On July 26, 2024, however, this policy was rescinded. *Id.* Also on July 26, 2024, the facility instituted a new practice preventing inmates from sleeping or walking outdoors without a shirt. *Id.*

On July 29, 2024, prison officials announced that they would institute "mass punishment" in an attempt to stem the presence of contraband in the prison. *Id.* at 4–5. The punishments included loss of TV room privileges, loss of recreation privileges, and loss of visitor privileges. *Id.* at 5.

## II.    STANDARD OF REVIEW

Section 2241 affords relief if the petitioner is "in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a federal prison sentence. *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Thus, section 2241 petitions are appropriately used to challenge conditions of confinement, type of detention, prison transfers, or disciplinary actions. *See Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008) (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

Because Petitioners filed the present petition *pro se*, the Court must construe their filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### III.   DISCUSSION

The Court holds that the petition must be dismissed for failure to exhaust administrative remedies.

Before filing a section 2241 petition, inmates are required to exhaust internal grievance procedures. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *see also Thai v. Pullen*, No. 3:22-cv-605 (SVN), 2022 WL 17355189, at *3 (D. Conn. Dec. 1, 2022) (citing *Carmona*, 243 F.3d at 634). This exhaustion requirement is judicial, not statutory. *See, e.g.*, *Carmona*, 243 F.3d at 634 (explaining that the Second Circuit has held, in the context of a habeas corpus petition filed by a state inmate under 28 U.S.C. § 2254, that the statutory exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), does not apply to habeas corpus proceedings); *Thai*, 2022 WL 17355189, at *3 (exhaustion requirement for section 2241 petitions is judicial); *Cardoza v. Pullen*, No. 3:22-cv-591 (SVN), 2022 WL 3212408, at *4–*6 (D. Conn. Aug. 9, 2022) (same). In section 2241 actions, the burden of demonstrating

exhaustion of administrative remedies is on the petitioner. *Cardoza*, 2022 WL 3212408, at *5. The failure to exhaust administrative remedies results in procedural default, which in turn precludes review of the petition in federal court. *Thai*, 2022 WL 17355189, at *3.

The distinction between statutory and judicial exhaustion requirements is important because statutory exhaustion requirements are mandatory, while judicial exhaustion requirements are discretionary. *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003). The Second Circuit has identified four exceptions to the judicial exhaustion requirement for habeas corpus actions: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* at 62; *see also Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020) (considering a section 2241 petition and listing the exceptions to the administrative exhaustion requirement as: "futility ('exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue'); incapability ('exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief'); and undue prejudice ('an unreasonable or indefinite timeframe for administrative action may sufficiently prejudice [petitioners] to justify a federal court in taking a case prior to the complete exhaustion of administrative remedies')") (citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006).

In response to the Court's Order to Show Cause, Respondent argues that the petition should

be dismissed because Petitioners failed to exhaust their administrative remedies before commencing this action and, additionally, the claims do not raise colorable Eighth Amendment violations. Petitioners concede that they have not exhausted their administrative remedies. ECF No. 1 at 3, 6.[2] In their reply to Respondent's submission, Petitioners only minimally address Respondent's exhaustion argument because this Court has previously found that statutory exhaustion does not apply to section 2241 petitions, and instead focus on the merits of their claims. *See* Pet'rs' Reply Br., ECF No. 16. Petitioners do, however, make arguments to excuse the exhaustion requirement briefly in the petition, ECF No. 1 at 6, and more fulsomely in their memorandum in support of their motion for preliminary injunctive relief, *see* ECF No. 3-1 at 6–8.

As discussed below, the Court concludes that none of the exceptions to judicial exhaustion apply in this case. The first *Beharry* exception—that the administrative remedy process provides no opportunity for adequate relief—does not apply here, as there is no indication that prison officials are incapable of addressing Petitioners' concerns.

Nor is there a likelihood of irreparable injury, under the second *Beharry* exception. Petitioners Stroud, Terry, and Asmodeo allege that they suffer from conditions that would make them more susceptible to heat-related illness, specifically PTSD, obesity, and a neurological disorder. *See* ECF No. 16 at 8–9. While Petitioners state in nearly identical declarations that they have had trouble sleeping and feel as if their mental health is declining due to the heat issues, *see* ECF No. 3-1 at 22, 30, 37, 44, & 50, these are only general assertions, without specific evidence of harm. Petitioners argue that the administrative remedy process could take six months, which

---

[2] Exhaustion of administrative remedies within the BOP is a four-step process: (1) informal resolution with prison staff, 28 C.F.R. § 542.13(a); (2) a formal request submitted to the Warden on Form BP-9, 28 C.F.R. § 542.14(a); (3) an appeal to the appropriate Regional Director on Form BP-10, 28 C.F.R. § 542.15(a); and (4) a second appeal to the BOP General Counsel on form BP-11, *id*.

means that the process would have concluded in the middle of winter, and they would have had to endure the heat during the entire summer. *See id.* at 7. The Court notes, however, that the incident that prompted the filing of this action did not occur until the end of July 2024, and Petitioners did not file this petition until August 19, 2024. Given that the administrative remedy process would occur as the temperature was cooling over the fall and winter, requiring exhaustion would not appear to exacerbate any adverse effects. Thus, the Court concludes that the time to exhaust administrative remedies does not warrant excusing the exhaustion requirement under the irreparable injury exception.

Third, Petitioners have not met their burden of demonstrating that exhausting their administrative remedies would be an exercise in futility. The futility exception must be considered in light of the purposes underlying the exhaustion requirement. *Beharry*, 329 F.3d at 62. The exhaustion requirement is intended to "protect[] the authority of administrative agencies, limit[] interference in agency affairs, develop[] the factual record to make judicial review more efficient, and resolv[e] issues to render judicial review unnecessary." *Id.* (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Here, Petitioners seek to involve the Court in the day-to-day operations of the facility without first affording prison officials the opportunity to address their concerns, which is directly contrary to the purpose of the exhaustion requirement. In addition, it is possible Petitioners could achieve their desired results through the exhaustion process. That FCI Danbury may have been appropriated funds to install air conditioning units but has not installed them, and that unidentified staff members have been sent messages regarding the heat but have "refused to fix" the issues does not necessarily demonstrate that proceeding through the prison's administrative procedures would be futile. *See* ECF No. 3-1 at 8. The administrative process is in

6

place precisely to work through issues such as the ones Petitioners present. And even if Petitioners do not achieve their desired results through the administrative procedures, the exhaustion procedure would develop the factual record and facilitate judicial review. Thus, the Court cannot find that the futility exception to exhaustion applies here. *See Beharry*, 329 F.3d at 62 ("That Beharry's argument would likely have failed is not tantamount to stating that it would have been futile to raise it; and indeed, many of the purposes for requiring exhaustion would have been served had Beharry raised his claim below.").

The final exception is the presence of a constitutional issue. Not every constitutional issue, however, warrants an exception to the exhaustion requirement. *See Legare v. U.S. Parole Comm'n*, No. 07-CV-4462 (JG), 2008 WL 53252, at *4 (E.D.N.Y. Jan. 3, 2004) (noting that "presence of constitutional issues alone does not create an automatic exception to the exhaustion requirement"). Petitioners do not cite, and the Court has not found, any cases applying this exception to a section 2241 challenge to prison conditions of confinement. As cases related to conditions of confinement frequently raise constitutional issues, this exception would swallow the rule in such cases. Rather, the exception has been applied in cases concerning a denial of due process. *See, e.g.*, *Maldonado v. Lloyd*, No. 18 Civ. 3089 (JFK), 2018 WL 2089348, at *10 (S.D.N.Y. May 4, 2018) (exhaustion excused where petitioner had substantial Fifth Amendment question relating to arrest); *Kaweesa v. Ashcroft*, 345 F. Supp. 2d 79, 100 (D. Mass. 2004) (noting that first and fourth exceptions would apply where due process violations frustrated alien's direct appeal). The Court declines to apply the constitutional exception to the exhaustion requirement here.

The Court therefore concludes that none of the exceptions to judicial exhaustion apply.

7

Accordingly, the petition must be dismissed for failure to exhaust administrative remedies.

### IV.     CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice for failure to exhaust administrative remedies. Any appeal of this order would not be taken in good faith. Petitioners' motion for a preliminary injunction, ECF No. 3; motion to appoint counsel, ECF No. 4; motion to certify a class, ECF No. 5; and motion to dismiss Petitioner Chen, ECF No. 22, are denied as moot.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 17th day of January, 2025.

                                                 */s/ Sarala V. Nagala*
                                                 SARALA V. NAGALA
                                                 UNITED STATES DISTRICT JUDGE